JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/17

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

January 31, 2017

VIA ECF

Hon. Colleen McMahon
Chief United States District Judge
U. S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

*[Handwritten: 2/1/2017 Defendant must respond by February 6, or I will issue this order.]*

Re:   *Masoud v. 1285 Bakery Inc. d/b/a Pulse Restaurant, et al.*
No.:  15-cv-7414 (CM)

Dear Chief Judge McMahon:

**MEMO ENDORSED**

We write on behalf of Named Plaintiff Ginger Masoud and the Class certified by the Court in its Decision and Order dated January 25, 2017. Pursuant to the Court's instructions in its January 25, 2017 Decision and Order, we submit the proposed Order attached hereto as Exhibit 1 for the Court's signature and approval. (*See* ECF Dkt. No. 22 at 16–17.)

The proposed Order: (1) directs Defendants to provide contact information for all class members by February 21, 2017;[1] (2) orders Defendants to respond to Plaintiff's class-wide discovery requests by March 2, 2017; (3) orders Defendants to post the notice and opt-in form (attached as "Exhibit A" to the proposed Order) in a conspicuous location at Pulse Restaurant; (4) authorizes Class Counsel to send the notice to all class and collective members by U.S. Mail and e-mail within 14 days of receiving class-wide contact information from Defendants; (5) provides for 45-day opt in/opt out period from the date of mailing of the approved notice; and (6) extends the discovery period in this case by five months from the date the Court files the proposed Order.

We thank the Court for its attention to this matter.

---

[1] In her memorandum of law in support of her class certification motion, Plaintiff asked that the Court order Court-facilitated notice of this action to Class Members and direct Defendants to provide class-wide contact information, including the "last known addresses" of all Class Members. (*See* ECF Dkt No. 17 at 24–25). The Court granted these requests in its January 25 Order, but did not include Class Members' physical addresses in the list of contact information Defendants were required to produce. (*See* ECF Dkt No. 22 at 16–17 (indicating that Defendants must produce Class Members' "telephone numbers, e-mail addresses, social security numbers, and dates of employment").) Because it seems that the Court, by granting Plaintiff's request for Court-facilitated notice, contemplated the mailing of notices, Plaintiff has included in the attached proposed Order the directive that Defendants produce Class Members last known addresses along with the other information specified in the Court's January 25 Order.

                Respectfully submitted,

                */s/ Lucas C. Buzzard*
                Lucas C. Buzzard