## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

December 12, 2017

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
U. S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

       Re: *Masoud v. 1285 Bakery Inc. d/b/a Pulse Restaurant, et al.*
          No.: **15-cv-7414 (SN)**

Dear Judge Netburn:

  We represent Plaintiff Ginger Masoud and the certified Class in the above-captioned action. Consistent with the parties' discussions during the settlement conference before Your Honor on November 9, 2017, we write on behalf of both parties to: (1) inform the Court that Plaintiff has accepted Defendants' offer of judgment pursuant to Fed. R. Civ. P. 68 to resolve her individual claims brought pursuant to the Fair Labor Standards Act ("FLSA"); and (2) request a conference with Your Honor to discuss Defendants' anticipated motion to dismiss without prejudice the remaining New York Labor Law claims for lack of subject matter jurisdiction.

### I. Defendants' Offer of Judgment for Plaintiff's Individual FLSA Claims is Fair and Reasonable

  The only federal claim in this case is an FLSA claim for unpaid overtime wages. *See* ECF No. 1 (Compl.) ¶¶ 35-39. Plaintiff brought that claim on behalf of an FLSA collective of banquet servers that was certified by Chief Judge McMahon in January 2017. *See* ECF No. 22. Although court-authorized notice was sent to members of the FLSA Collective, no other banquet server has opted in to this action. Accordingly, the only FLSA claim in this matter is Plaintiff's individual claim for unpaid overtime wages.

  In their offer of judgment, Defendants have offered $300 to resolve Plaintiff's individual FLSA claim. *See* Ex. A (Offer of Judgment).[1] As discussed below, this is more than the maximum value of the claim, even with full liquidated damages.

  Plaintiff worked as a banquet server for events held at Defendants' restaurant. Defendants did not maintain time records for banquet servers. Plaintiff testified at her deposition that there were occasional weeks that she worked more than 40 hours for Defendants. From Plaintiff's testimony and the records of the events Plaintiff worked, which include the length of time each

---

[1] The parties will separately file Defendants' Offer of Judgment and Plaintiff's acceptance.

event was expected to last, Plaintiff's counsel has estimated that Plaintiff worked 4 overtime hours in 2012 and 6 overtime hours in 2014, for a total of 10 overtime hours.

Defendants' Rule 30(b)(6) witness testified that Plaintiff was paid an hourly rate of $6 per hour, which is less than the federal minimum wage of $7.25. For purposes of her FLSA overtime claim, therefore, Plaintiff used the full federal minimum wage to calculate her hourly overtime rate at $10.88 ($7.25 * 1.5). So even assuming that Plaintiff was not paid anything for her overtime hours worked, she is entitled to a maximum of $108.80 in compensatory damages for unpaid overtime under the FLSA ($10.88 * 10). And if Plaintiff were awarded the maximum of 100% of her compensatory damages as liquidated damages, *see* 29 U.S.C. § 216, that would bring her total recoverable damages on her FLSA overtime claim to $217.60 ($108.80 + $108.80). Thus, because Defendants have offered substantially more than Plaintiff's maximum possible recovery under the FLSA, their Rule 68 offer is "fair and reasonable." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015).

## II.  The Parties Respectfully Request a Conference to Discuss the Treatment of the Remaining State Law Claims

As discussed at the settlement conference, the parties request a conference at Your Honor's earliest convenience to confer about Defendants' anticipated motion to dismiss the remaining state law NYLL claims without prejudice for lack of subject matter jurisdiction.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Lucas C. Buzzard*